NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURIE CHERNY; ALEX CHERNY; WAYNE CHANG, on behalf of themselves and all others similarly situated, | No. 09-56964 |
| | D.C. No. 2:09-cv-03625-GW-AGR |
| Plaintiffs - Appellees, | |
| v. | MEMORANDUM[*] |
| AT&T MOBILITY LLC, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted June 8, 2012[**]
Pasadena, California

Before: TROTT and BYBEE, Circuit Judges, and DUFFY, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

AT&T Mobility LLC appeals the district court's denial of its motion to compel arbitration. We have jurisdiction under 9 U.S.C. § 16(a)(1)(B).

In determining that the arbitration clause was unenforceable, the district court relied solely on this court's previous decision in Laster v. AT&T Mobility LLC, 584 F.3d 849 (9th Cir. 2009), which was later reversed by the Supreme Court in AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740 (2011). The district court expressly declined to address Plaintiffs' other arguments as to why the arbitration clause might be unenforceable -- that AT&T's modification to the arbitration clause in 2009 was improper because Plaintiffs lacked adequate notice of the change, and that the arbitration clause is unconscionable even after Concepcion. Therefore, we reverse and remand to the district court for further proceedings consistent with Concepcion and this court's recent decision in Coneff v. AT&T Corp., 673 F.3d 1155 (9th Cir. 2012). See Flexible Lifeline Sys., Inc. v. Precision Lift, Inc., 654 F.3d 989, 1000 (9th Cir. 2011) (per curiam); Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004).

REVERSED and REMANDED.